THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| I LOVE PRODUCE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| J.E.S. FOODS/CELINA, INC. T/A | ) |
| J.E.S. FOODS CELINA, INC. A/T/A J.E.S. | ) |
| FOODS, INC., WILLIAM G. FREED, | ) |
| ELAINE R. FREED, and ERIC FREED, | ) |
| | ) |
| Defendants. | |

**COMPLAINT**
**(To Enforce Payment From Produce Trust and for Injunctive Relief)**

Plaintiff I Love Produce, LLC ("I Love Produce" or "Plaintiff"), by and through undersigned counsel, for its complaint against Defendants J.E.S. Foods/Celina, Inc. trading as J.E.S. Foods Celina, Inc. also trading as J.E.S. Foods, Inc. ("J.E.S. Foods"), William G. Freed ("W. Freed"), Elaine R. Freed ("Elaine Freed"), and Eric Freed ("Eric Freed"; "J.E.S. Foods, W. Freed, and E. Freed collectively the "Defendants"), alleges as follows:

**JURISDICTION AND VENUE**

1.  Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) ("PACA") and 28 U.S.C. § 1331.

2.  This Court has supplemental jurisdiction over Plaintiff's non-PACA claims pursuant to 28 U.S.C. § 1367.

3.  Venue in this district is based on 28 U.S.C. § 1391 in that Defendants reside or have their principal places of business in this district and a substantial part of the events giving

- 1 -

rise to Plaintiff's claims occurred in this district.

**PARTIES**

4. Plaintiff is a Delaware limited liability company with its principal place of business in Grove, Pennsylvania. Plaintiff is engaged in the business of buying and selling wholesale quantities of produce in interstate commerce or contemplation thereof, and is subject to and licensed under the provisions of PACA as a dealer, holding USDA PACA License Number 20070844.

5. Defendant J.E.S. Foods is an Ohio corporation having its principal place of business in the City of Medina, Medina County, Ohio and its production facility in Celina, Ohio. J.E.S. Foods is engaged in the business of buying and selling wholesale quantities of produce in interstate commerce or contemplation thereof, and is subject to and licensed under the provisions of PACA as a dealer, holding USDA PACA License Number 19962588.

6. Defendant W. Freed is an individual residing in or about North Olmsted, Cuyahoga County, Ohio, and was a shareholder, officer, and/or director of J.E.S. Foods during and prior to the period of time in question who, upon information and belief, controlled the operations of J.E.S. Foods, is a reported principal on its PACA license, and is in a position of control over and exercises such control over the PACA trust assets belonging to Plaintiff.

7. Defendant Elaine Freed is an individual residing in or about North Olmsted, Cuyahoga County, Ohio, and was a shareholder, officer, and/or director of J.E.S. Foods during and prior to the period of time in question who, upon information and belief, controlled the operations of J.E.S. Foods, is a reported principal on its PACA license, and is in a position of control over and exercises such control over the PACA trust assets belonging to Plaintiff.

8. Defendant Eric Freed is an individual residing in or about the City of Medina,

Medina County, Ohio, and was an owner, officer, and/or director of J.E.S. Foods during and prior to the period of time in question who, upon information and belief, controlled the operations of J.E.S. Foods and is in a position of control over and exercises such control over the PACA trust assets belonging to Plaintiff.

## **GENERAL ALLEGATIONS**

9. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c).

10. Between February 21, 2023 and August 29, 2024, Plaintiff sold and delivered to J.E.S. Foods wholesale quantities of produce that had been shipped in interstate commerce, or in contemplation thereof, and in that current of commerce usual in the trade, having an agreed upon value of $601,536.00 of which $580,734.00 remains due and owing.

11. J.E.S. Foods accepted the produce but failed to pay for the produce when payment was due, despite repeated demands, and owes Plaintiff the principal amount of $580,734.00.

12. At the time of receipt of the produce, Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured with such funds, in the possession or control of J.E.S. Foods since the creation of the trust.

13. Plaintiff preserved its interest in the PACA trust by issuing invoices to J.E.S. Foods for each transaction which contain the statutory language required by 7 U.S.C. § 499e(c)(4). Plaintiff remains a beneficiary of the PACA trust until full payment is made for the produce.

14. Plaintiff repeatedly demanded payment but Defendants have not issued payment for the full balance owed.

15. W. Freed is an officer, director, and/or shareholder of J.E.S. Foods and a reported principal on its PACA license.

16. On information and belief, W. Freed controls the operations of J.E.S. Foods and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

17. Elaine Freed is an officer, director, and/or shareholder of J.E.S. Foods and a reported principal on its PACA license.

18. On information and belief, Elaine Freed controls the operations of J.E.S. Foods and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

19. Eric Freed is an officer, director, and/or shareholder of J.E.S. Foods.

20. On information and belief, Eric Freed controls the operations of J.E.S. Foods and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

21. Defendants have not disputed the debt in any way.

22. Defendants have made multiple promises to pay Plaintiff the balance owed but have failed and refused to do so.

23. Plaintiff's invoices include terms for the payment of interest at a rate of 18% per annum on past due balances, attorneys' fees, and costs as sums owing in connection with the transactions at issue.

24. Defendants' failure, refusal, and inability to pay for the produce received from Plaintiff demonstrates that they are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

## COUNT I
(Injunctive Relief – All Defendants)

25. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 24 above as if fully set forth herein.

26. Defendants' failure to make payment to Plaintiff of trust funds in the amount of $580,734.00 from the statutory trust is a violation of PACA and PACA regulations and is unlawful.

27. Under PACA, Plaintiff is entitled to injunctive relief against Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover of PACA trust funds in the possession of third parties.

28. Plaintiff requests entry of a preliminary and permanent injunction enjoining and restraining Defendants and their agents from dissipating trust assets belonging to Plaintiff, and requiring the turnover of PACA trust funds in the possession of third parties.

## COUNT II
(Failure to Maintain Statutory Trust – All Defendants)

29. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 28 above as if fully set forth herein.

30. Defendants received all of the produce on which this action is based.

31. On information and belief, Defendants are in positions of control over the operations of the J.E.S. Foods and exercised such control.

32. Defendants have failed to pay Plaintiff in full for the produce that they received from Plaintiff.

33. Defendants have failed to hold the produce and its proceeds in trust so that they are freely available to pay Plaintiff as required by law.

34. Defendants have failed to maintain the PACA trust required by 7 U.S.C. §499e(c).

35. Defendants have failed to promptly pay PACA trust funds to Plaintiff.

36. Defendants' failure to comply with their statutory obligations under the PACA trust is an illegal act.

37. As a result of the Defendants' above-stated actions, Plaintiff has incurred damages in the amount of $580,734.00, plus interest from the date the Plaintiff's invoices became past due, costs, and attorneys' fees.

38. As a further result of the Defendants' above-stated actions, it has been necessary for Plaintiff to obtain services of legal counsel to prosecute this action, and Plaintiff is entitled to reimbursement for those attorneys' fees and costs that have been reasonably incurred.

39. Plaintiff requests entry of judgment against Defendants, jointly and severally, in the amount of $580,734.00 plus interest at a rate of 18% per annum, costs, and attorneys' fees under the trust provisions of PACA.

## COUNT III
(Failure to Make Prompt Payment of Trust Funds – All Defendants)

40. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 39 above as if fully set forth herein.

41. Defendants received each of the produce shipments on which this action is based.

42. Defendants are required to promptly tender to Plaintiff full payment for those shipments pursuant to PACA, 7 U.S.C. §499b(4).

43. Defendants failed and refused to pay for the produce supplied by Plaintiff within the period required by 7 C.F.R. § 46.2(aa)(5).

44. On information and belief, Defendants are in positions of control over the PACA trust assets belonging to Plaintiff.

45. Defendants have failed to pay Plaintiff in full for the produce that they received from Plaintiff.

46. Defendants have failed to hold the produce and its proceeds in trust so that they are freely available to pay Plaintiff as required by law.

47. Defendants have failed to maintain the PACA trust.

48. Defendants have failed to promptly pay PACA trust funds to Plaintiff.

49. Defendants' failure to comply with their statutory obligations under the PACA trust was an illegal act.

50. As a direct and proximate result of Defendants' failure to pay promptly, Plaintiff has incurred damages in the amount of $580,734.00, plus interest from the date each invoice became past due at a rate of 18% per annum, costs and attorneys' fees.

51. As a further result of the Defendants' above-stated actions, it has been necessary for Plaintiff to obtain services of legal counsel to prosecute this action, and Plaintiff is entitled to reimbursement for those attorneys' fees and costs that have been reasonably incurred.

52. Plaintiff requests entry of judgment against Defendants, jointly and severally, in the amount of $580,734.00 plus interest, costs, and attorneys' fees under the trust provisions of PACA.

## COUNT IV
(Breach of Contract – Failure to Pay for Goods Sold – J.E.S. Foods)

53. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 52 above as if fully set forth herein.

54. J.E.S. Foods ordered, received, and accepted the produce purchased from Plaintiff.

55. J.E.S. Foods received Plaintiff's invoices without objection on or about the dates indicated on the faces of the invoices.

56. Plaintiff's invoices to J.E.S. Foods constitute valid and enforceable agreements between the parties.

57. J.E.S. Foods breached the terms of the invoices by failing to timely remit payment for the goods it received from Plaintiff.

58. Plaintiff performed all of the duties, obligations and conditions precedent on its part to be performed under the invoices.

59. As a proximate result of the breach of contract by J.E.S. Foods, Plaintiff has suffered damages in the amount of $580,734.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

60. Plaintiff requests entry of judgment against J.E.S. Foods in the amount of $580,734.00 plus interest, costs, and attorneys' fees.

## COUNT V
(Unlawful Dissipation of Assets by a Corporate Official – W. Freed)

61. Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 60 above as if fully set forth herein.

62. Defendant W. Freed is an officer, director, and/or shareholder who operated J.E.S. Foods during the relevant time period and prior thereto, is a reported principal on its PACA license, and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

63. As a result, Defendant W. Freed was at all times relevant a trustee of the PACA trust to which Plaintiff is a beneficiary.

64. Defendant W. Freed failed to direct J.E.S. Foods to fulfill its statutory duty to preserve PACA trust assets and pay Plaintiff for the produce supplied by Plaintiff.

65. Defendant W. Freed's failure to direct J.E.S. Foods to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

66. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its right as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

67. Plaintiff requests entry of judgment against W. Freed in the amount of $580,734.00 plus interest, costs, and attorneys' fees under the trust provisions of PACA.

### COUNT VI
(Unlawful Dissipation of Assets by a Corporate Official – Elaine Freed)

68. Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 67 above as if fully set forth herein.

69. Defendant Elaine Freed is an officer, director, and/or shareholder who operated J.E.S. Foods during the relevant time period and prior thereto, is a reported principal on its PACA license, and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

70. As a result, Defendant Elaine Freed was at all times relevant a trustee of the PACA trust to which Plaintiff is a beneficiary.

71. Defendant Elaine Freed failed to direct J.E.S. Foods to fulfill its statutory duty to preserve PACA trust assets and pay Plaintiff for the produce supplied by Plaintiff.

72. Defendant Elaine Freed's failure to direct J.E.S. Foods to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

73. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its right as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

74. Plaintiff requests entry of judgment against Elaine Freed in the amount of

$580,734.00 plus interest, costs, and attorneys' fees under the trust provisions of PACA.

## COUNT VII
(Unlawful Dissipation of Assets by a Corporate Official – Eric Freed)

75. Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 74 above as if fully set forth herein.

76. Defendant Eric Freed is an officer, director, and/or shareholder who operated J.E.S. Foods during the relevant time period and prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

77. As a result, Defendant Eric Freed was at all times relevant a trustee of the PACA trust to which Plaintiff is a beneficiary.

78. Defendant Eric Freed failed to direct J.E.S. Foods to fulfill its statutory duty to preserve PACA trust assets and pay Plaintiff for the produce supplied by Plaintiff.

79. Defendant Eric Freed's failure to direct J.E.S. Foods to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

80. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its right as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

81. Plaintiff requests entry of judgment against Eric Freed in the amount of $580,734.00 plus interest, costs, and attorneys' fees under the trust provisions of PACA.

## COUNT VIII
(Interest, Costs and Attorneys' Fees – All Defendants)

82. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 81 above as if fully set forth herein.

83. PACA and Plaintiff's invoices entitle Plaintiff to recover pre-judgment interest at the rate of 18% per annum, and attorneys' fees, expenses, and costs incurred to collect any balance due from Defendants.

84. As a result of Defendants' continued failure to make full payment promptly in the amount of $580,734.00, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to require Defendants to comply with their contractual obligations and statutory duties under PACA, and upon information and belief, will further incur such costs and fees.

85. Plaintiff seeks reimbursement for its reasonable and necessary attorneys' fees, expenses and costs expended in the prosecution of this action pursuant to its invoices and to PACA.

**WHEREFORE,** Plaintiff respectfully prays that the Court grant to Plaintiff the following relief:

A. On the first cause of action, a preliminary and permanent injunction enjoining and restraining Defendants and their agents from dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties;

B. On the second cause of action, judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $580,734.00 plus interest, costs, and attorneys' fees under the trust provisions of PACA;

C. On the third cause of action, judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $580,734.00 plus interest, costs, and attorneys' fees under the trust provisions of PACA;

D. On the fourth cause of action, judgment in favor of Plaintiff and against J.E.S. Foods in the amount of $580,734.00, plus interest, costs, and attorneys' fees;

E. On the fifth cause of action, judgment in favor of Plaintiff and against Defendant W. Freed in the amount of $580,734.00, plus interest, costs, and attorneys' fees under the trust provisions of PACA;

F. On the sixth cause of action, judgment in favor of Plaintiff and against Defendant Elaine Freed in the amount of $580,734.00, plus interest, costs, and attorneys' fees under the trust provisions of PACA;

G. On the seventh cause of action, judgment in favor of Plaintiff and against Defendant Eric Freed in the amount of $580,734.00, plus interest, costs, and attorneys' fees under the trust provisions of PACA;

H. On the eighth cause of action, judgment in favor of Plaintiff and against Defendants, jointly and severally, for pre-judgment interest, costs and reasonable and necessary attorneys' fees pursuant to PACA; and

I. Such other and further relief, general and special, legal and equitable, to which the Plaintiff may be justly entitled.

Respectfully submitted,

/s/ Ryan M. Gembala
Ryan M. Gembala (0079431)
DOOLEY, GEMBALA, McLAUGHLIN & PECORA CO., LPA
5455 Detroit Road
Sheffield Village, Ohio 44054
Tel: (440) 930-4001
Fax: (440) 934-7208
Email: rgembala@dooleygembala.com

-and-

Kate Ellis
MCCARRON & DIESS

4530 Wisconsin Avenue, N.W., Suite 301
Washington, D.C. 20016
Tel:     (202) 364-0400
Fax:     (202) 364-2731
Email: kellis@mccarronlaw.com
Pro Hac Vice Pending
Counsel for Plaintiff

- 13 -